IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL P. CORNELIUS, )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　　)
　-vs- ) Civil Action No. 17-272
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
　　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 7) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

**I.     BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Plaintiff filed his applications alleging he has been disabled since January 1, 2013. (ECF Nos. 5-6, pp. 2, 4). Administrative Law Judge ("ALJ"), Timothy M. McGuan, held a hearing on July 19, 2016. (ECF No. 5-6, pp. 39-65). On August 31, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 5-6, pp. 23-33).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.  LEGAL ANALYSIS

### A.  Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Residual Functional Capacity ("RFC")

Essentially, Plaintiff is arguing that the ALJ erred in assessing his residual functional capacity ("RFC"). (ECF No. 8). RFC refers to the most a claimant can still do despite his/her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §§404.1527, 416.927, 416.945(a). Simply because a plaintiff has an impairment or a diagnosis does not equate to a disability. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990).

In this case, the ALJ found that Plaintiff has the RFC "to perform less than the full range of light work. The claimant can lift/carry and push/pull up to 20 pounds occasionally and up to 10 pounds frequently with the left non-dominant upper extremity. He is limited to lifting/carrying up to 10 pounds with the right dominant upper extremity. He can occasionally interact with the public. He can frequently understand, remember, and carry out complex and/or detailed tasks." (ECF No. 5-2, p. 28).

3

### 1. Plaintiff's Pain in Relation to his Physical Impairments

Plaintiff argues that the ALJ erred in assessing Plaintiff's pain in relation to his physical impairments. (ECF No. 8, pp. 9-14). In support of this argument, Plaintiff discusses, at length, the evidence he believes shows that his physical impairments are disabling. *Id.*

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). To be clear, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, Plaintiff's entire argument in this regard is misplaced.

Plaintiff does suggest at the end of his argument, however, that the ALJ "failed to discharge his responsibility to consider all of the evidence presented." (ECF No. 8, pp. 12-13). In particular, Plaintiff implies that the ALJ cherry picked his pain evidence in relation to his physical ability to use his arms. *Id.* at pp. 12-14. After a review of the evidence, I disagree.

"There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record" or that the evidence under each step be discussed in a particular order. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001); *Hur v. Barnhart*, 94 Fed. Appx. 130, *2 (3d Cir. April 16, 2004). Rather, the ALJ must set forth his decision such that a reviewing court is to sufficiently able to discern the basis for the ALJ's opinion.

In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any

other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ specifically stated in his decision that he considered "all of the evidence," "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p." (ECF No. 5-2, pp. 23, 28). Moreover, the ALJ followed the proper method in assessing Plaintiff's pain. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 5-2, pp. 23-33). For example, the ALJ properly compared the medical evidence and other evidence of record, including activities of daily living, to Plaintiff's testimony and found them to be not entirely consistent. *Id.* at pp. 28-31. A plaintiff need not be pain free or symptom free to be found not disabled. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). Based on my review, I find the ALJ properly assessed Plaintiff's pain in determining his residual functional capacity. Furthermore, based on the entire record as a whole, there is substantial evidence to support the

ALJ's decision regarding the same. *Id.* Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

## 2. Plaintiff's Mental Impairments

Plaintiff next argues that the RFC as it relates to his mental impairments is not supported by substantial evidence. (ECF No. 8, pp. 14-16). Specifically, Plaintiff suggests that the ALJ overlooked his ADHD testing and "completely fails to explain how a person who makes a high number of errors on a test which requires only 15 minutes would be able to perform complex and detailed task frequently throughout an eight-hour work day."[2] (ECF No. 8, p. 15). After a review of the record, I disagree.

To begin with, I note that the mere existence of a diagnosis does not equate to disabling limitations. Rather, a plaintiff must still show he/she is unable to perform substantial gainful activity. *Petition of Sullivan*, 904 F.2d 826, 845 (3d Cir. 1990). Yet, Plaintiff fails to cite to any evidence of record indicating specific functional limitations related to Plaintiff's ADHD. (ECF No. 8, pp. 14-16). In this case, the ALJ addressed Plaintiff's diagnosis of ADHD, found it to be a severe impairment, but found that there is no support for his ADHD-related focus deficits. (ECF No. 5-2, pp. 25-31). In support of this determination, the ALJ referenced Exhibit 7F. (ECF No. 5-2, p. 39). Therein, Plaintiff's doctor specifically indicated that Plaintiff stated to him that "since the increase in Vyvanse he can focus and concentrate better, he feels good as he is able to complete his projects." (ECF No. 5-14, p. 5). Based on the same, I find this determination is based on substantial evidence. Consequently, remand is not warranted on this basis.[3]

---

[2]Plaintiff fails to cite to the ADHD testing documentation in the record. (ECF No. 8, pp. 14-16). I do not find it within the record. The ALJ's review is limited to that evidence presented before him.

[3] Plaintiff additionally submits that the ALJ's RFC is not supported by substantial evidence because his hypotheticals to the vocational expert did not include the extent of his ADHD limitations. (ECF No. 8, p. 16). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the RFC. (ECF No. 5-2, pp. 58-64). Consequently, I find no error in this regard.

### C. Inconsistency within the ALJ's Opinion

Finally, Plaintiff argues that the ALJ's opinion should be remanded due to an internal inconsistency. (ECF No. 8, pp. 16-17). Specifically, Plaintiff points out that the ALJ found him to have the severe impairment of left sensory-neural hearing loss but then in his explanation found Plaintiff's left sensory-neural hearing loss to be non-severe. *Id.* As a result, Plaintiff suggests that remand is required.

In this case, the ALJ did list Plaintiff's left sensory-neural hearing loss, *inter alia,* as a severe impairment. (ECF No. 5-2, p. 25). Then, the ALJ went on to explain why Plaintiff's left sensory-neural hearing loss is non-severe.

> At the hearing, the claimant testified that hearing loss in his left ear also prevented him from engaging in sustained work activity; however, progress notes indicate that he lost his hearing 17 years ago, after which he was able to work (Exhibit 13F). Furthermore, the claimant has normal hearing in the right ear. Therefore, the undersigned finds that the claimant's left sensory-neural hearing loss does not result in more than minimal limitation in his ability to perform basic work activities. As such, this condition is non-severe in nature. Nevertheless, all medically supported restrictions have been incorporated into the decision's residual functional capacity assessment, including those stemming from both severe and non-severe impairments.

(ECF No. 5-2, pp. 25-26). These two findings are inconsistent on its face. *Id.* It is evident from the explicit and detailed explanation, however, that the ALJ felt that Plaintiff's the left sensory-neural hearing loss was non-severe. Even if it was not evident, the inconsistency is harmless as the determination did not end at that point and the ALJ went on to determine Plaintiff's RFC taking into account both severe and non-severe impairments. *Id.* Consequently, I find remand on this basis is not warranted.

An appropriate order shall follow.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL P. CORNELIUS,  )
          Plaintiff, )
  -vs- )   Civil Action No. 17-272
)
NANCY A. BERRYHILL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
          Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of January, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 7) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                                 BY THE COURT:

                                 s/ Donetta W. Ambrose
                                 Donetta W. Ambrose
                                 United States Senior District Judge

---

[4] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.